

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

May 20, 2008

Randi Knepper
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
*Attorneys for Plaintiff*

Crystal Hayes
3151 Longandale Avenue
Richmond, VA 23224
*Defendant*

Richard Gantner
Nee, Beacham & Gantner
722 Courtyard Drive
Hillsborough, NJ 08844
*Attorney for Defendant Carmen Hayes-Green*

Carmen Hayes-Green
541-A Alden Drive
Rahway, NJ 07065
*Defendant*

    Re:   *Metropolitan Life Insurance Company v. Hayes-Green and Hayes*
              Civil Action No. 07-CV-2492 (WJM)

Dear Litigants:

    This matter comes before the Court on Plaintiff's Motion to Enforce Settlement. There was no opposition to the motion, but it has been made known to this Court that

Defendant Carmen Hayes-Green objects to the settlement agreement.  For the reasons stated below, Plaintiff's motion to enforce the settlement agreement is **GRANTED**.

I.      BACKGROUND

A settlement conference on November 19, 2007 was held before Magistrate Judge Mark Falk with the presence of all parties and counsel.  (Tr. 3.)  Defendant Hayes-Green's counsel, Richard Gantner, initially objected to Plaintiff's accrued attorney's fees.  (Tr. 4.)  After an off-the-record discussion, the following settlement agreement was placed on-the-record: (1) all of the parties would release Plaintiff from liability; (2) Plaintiff's attorney's fees of $3,400.40 and funeral expenses of $5,500 would be paid; and (3) the remaining amount of $6,849.60 plus interest would be paid to Defendant Hayes-Green.  (Tr. 9.)  Defendant Hayes-Green stated that she understood the settlement, and Gantner stated that Defendant Hayes-Green agreed to it with a "very small" correction regarding "the amount on the bill."  (Tr. 10.)

Defendant Hayes-Green wrote a letter to Judge Falk dated December 6, 2008 and disputed agreeing to the payment of attorney's fees.  (Knepper Certification Ex.3.)  She stated that she did not understand the "end results" of the agreement at the conference, and had advised Gantner that she did not agree to have "funds from the insurance claim to be paid to MetLife."  *Id*.  She also stated that Gantner would not forward her the final terms of the settlement agreement.  *Id*.  Thereafter, Gantner represented that Ms. Hayes-Green no longer agreed to the payment of attorney's fees and funeral expenses from the life insurance proceeds.  (Pl.'s Br. 5.)

II.     ANALYSIS

A settlement agreement is merely a contract, and the principles of contract law govern the enforceability of settlement agreements.  *Tedesco Mfg. Co., v. Honeywell Int'l, Inc*., 127 Fed. Appx. 50, 52 (3d Cir. 2005).  State law governs the construction and enforcement of settlement agreements in federal court.  *See Excelsior Ins. Co. v. Pennsbury Pain Ctr*., 975 F. Supp. 342, 349 (D.N.J. 1996).  In New Jersey, there is a strong public policy in favor of settlements.  *See Nolan v. Lee Ho*, 120 N.J. 465, 472 (1990).  Therefore, courts have readily found that a settlement agreement "voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court and even in the absence of writing." *Green v. John H. Lewis & Co*., 436 F.2d 389, 390 (3d Cir. 1970).  Furthermore, "parties may orally . . . agree on all the essential terms of a contract and effectively bind themselves thereon, if that is their intention, even though they contemplate the execution later of a formal document to memorialize their undertaking." *Pascarella v. Bruck*, 190 N.J. Super. 118, 124 (App. Div. 1983).

A contract is formed when there is an offer and acceptance and where the parties' performance under the contract can be ascertained with reasonable certainty. *United States v. Lightman*, 988 F. Supp. 448, 457 (D.N.J. 1997). A contract is "enforceable if the parties agree on essential terms, and manifest an intention to be bound by those terms." *Id*. However, if "the parties do not agree on one or more essential terms … courts generally hold that the agreement is unenforceable." *Id*.

Upon consideration of Plaintiff's written submissions and a full review of the transcript, the Court finds that there was a binding settlement agreement. Before Judge Falk, the parties set forth the material terms of the settlement agreement in principle. Defendant Hayes-Green expressly stated on the record that she understood the terms of the settlement agreement. Gantner, with settlement authority, agreed to the material terms, including the payment of attorney's fees and funeral costs. Defendant Hayes-Green was present during this exchange and could have raised any objections to her attorney's representations regarding her intent to be bound to these terms. Furthermore, the Court finds that Gantner's comment that there needed to be a "very small" correction on the bill was not an essential term that would render the agreement unenforceable. It is clear that the payment and amount of Plaintiff's attorney's fees was agreed upon with an insignificant "correction."

Plaintiff seeks an additional $3,173.10 in attorney's fees for filing this motion. A court may, at its discretion, grant an award of attorney's fees in an interpleader action. *See Metropolitan Life Ins. Co. v. Kubicheck*, 83 Fed. Appx. 425 (3d Cir. 2003). Courts should, however, avoid rewarding fees if it would seriously deplete the fund. *See Frontier Ins. Co. v. Mission Carrier Inc.*, 1992 U.S. Dist. LEXIS 12904 at *4-5 (D.N.J. 1992). As there is no evidence of bad faith on the part of Defendant Hayes-Green, the Court declines to award attorney's fees, particularly as these additional fees would deplete approximately fifty-percent of the remaining life insurance funds.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enforce Settlement is granted. An appropriate order follows.


s/William J. Martini
**William J. Martini, U.S.D.J.**